1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                          EASTERN DISTRICT OF CALIFORNIA
10
11   MARVIN HARRIS,                        Case No. 1:22-cv-00302-AWI-BAK (EPG) (PC)
12              Plaintiff,
                                           FINDINGS AND RECOMMENDATIONS TO
13        v.                               DISMISS ACTION WITHOUT PREJUDICE
                                           FOR FAILURE TO COMPLY WITH A COURT
14   D. BRUNK, et al.,                     ORDER AND FAILURE TO PROSECUTE
15              Defendants.
                                           (Doc. No. 15)
16
17                                         TWENTY-ONE (21) DAY DEADLINE
18
19        Plaintiff Marvin Harris is a state prisoner proceeding *pro se* in this civil rights action
20   filed under 42 U.S.C. § 1983.  On March 15, 2022, Plaintiff initiated this action by filing a
21   complaint asserting a First Amendment retaliation claim against Defendants.  (ECF No. 1.)
22        On March 17, 2022, the Court entered an Order requiring Plaintiff to pay the $402.00
23   filing fee or submit an application to proceed *in forma pauperis* within forty-five days.  (ECF
24   No. 5.)  The Court warned Plaintiff, "**Failure to comply with this order will result in dismissal**
25   **of this action.**" (*Id.*)  More than forty-five days has passed, and Plaintiff has failed to pay the
26   filing fee or submit an application to proceed *in forma pauperis* as ordered.
27        A *pro se* Plaintiff must comply with orders of the Court.  *See* L.R. 183.  Failure to
28   comply with a court order may be grounds for imposition of sanctions, including dismissal or

1 any other sanction appropriate under the Local Rules.  L.R. 110, 183.  The district court's
2 inherent power to control its docket also allows the court to impose sanctions, including
3 dismissal of an action.  *Thompson v. Hous. Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th
4 Cir. 1986; *see* L.R. 110.

5       In considering whether to dismiss an action for failure to comply with a court order, the
6 Court must weigh the following factors: "(1) the public's interest in expeditious resolution of
7 litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants;
8 (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of
9 cases on their merits."  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v.*
10 *Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

11       The Ninth Circuit has explained that "[t]he public's interest in expeditious resolution of
12 litigation always favors dismissal."  *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish v. Cal.*
13 *Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).  Plaintiff has failed to advance and prosecute this
14 case by paying the filing fee or move to proceed *in forma pauperis* is delaying resolution of this
15 litigation.  Accordingly, this factor weighs in favor of dismissal.

16       The Court's need to manage its docket also weighs in favor of dismissal.  "The trial judge
17 is in the best position to determine whether the delay in a particular case interferes with docket
18 management and the public interest . . . .  It is incumbent upon the Court to manage its docket
19 without being subject to routine noncompliance of litigants."  *Pagtalunan*, 291 F.3d at 642.
20 Here, Plaintiff's failure to pay the filing fee or file an application to proceed *in forma pauperis*,
21 despite being ordered to do so by the Court, is delaying this case and interfering with docket
22 management.  Therefore, the second factor also weighs in favor of dismissal.

23       With respect to the third factor, the risk of prejudice, "pendency of a lawsuit is not
24 sufficiently prejudicial in and of itself to warrant dismissal."  *Pagtalunan*, 291 F.3d at 642
25 (citing *Yourish*, 191 F.3d at 991).  However, "delay inherently increases the risk that witnesses'
26 memories will fade and evidence will become stale," *Pagtalunan*, 291 F.3d at 643.  Plaintiff's
27 failure to comply with a court order and to prosecute this case is causing a delay.  The third
28 factor also weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further, unnecessary expenditure of its scarce resources.  Given Plaintiff's incarceration and his failure to pay the filing fee, monetary sanctions are of little use. Moreover, at the stage of these proceedings, the preclusion of evidence or witnesses is not available.  The Ninth Circuit has explained that "[a] district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).  "A district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." *Ferdik,* 963 F.2d at 1262. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of imposing the harshest possible sanction of dismissal with prejudice.

The fifth factor, the public policy favoring the disposition of cases on their merits, ordinarily weighs against dismissal.  *See In re Phenylpropanolamine Prods. Liab. Litig*., 460 F.3d 1217, 1228 (9th Cir. 2006).  However, because Plaintiff has disregarded the Court's order, this factor does not weigh completely against dismissal.

After weighing these factors, the Court finds that dismissal without prejudice is appropriate.

Accordingly, the Court HEREBY RECOMMENDS that:

1. The Court dismiss this action without prejudice for Plaintiff's failure to comply with a court order and failure to prosecute; and

2. Direct the Clerk of Court to close the case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the

magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 24, 2022**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE